## MATTER OF YELLOWQUILL

### In Deportation Proceedings

### A-22852501

*Decided by Board August 1, 1978*

The historical right of American Indians born in Canada to pass the borders of the United States recognized by section 289 of the Immigration and Nationality Act, 8 U.S.C. 1359, exempts such Indians from restrictions imposed on aliens by the immigration laws and they are not subject to deportation. *Matter of A—*, 1 I. & N. Dec. 600 (BIA 1943), overruled; *Akins v. Saxbe*, 380 F. Supp. 1210 (D. Maine 1974), followed.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a violation of Texas Controlled Substance Act of unlawful possession of heroin

ON BEHALF OF RESPONDENT:
Lawrence A. Aschenbrenner, Esquire
1712 N Street, N.W.
Washington, D. C. 20036

Attorney of record:
Michael Tobin, Esquire
P.O. Box 99
Huntsville, Texas 77340

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

David Crosland
General Counsel

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

The respondent appeals from a decision of an immigration judge rendered on February 24, 1978. In his decision the immigration judge found the respondent deportable as charged and ordered her deportation to Canada. The appeal will be sustained and these proceedings will be terminated.

The respondent is a native and citizen of Canada. She entered the United States on April 1, 1971. The Service concedes that she has at least 50 percent American Indian blood. On May 27, 1977, she was convicted in the District Court of Dallas County, Texas, for the unlawful possession of heroin.

Before us and before the immigration judge the respondent has ar-

gued that she is not deportable by virtue of section 289 of the Immigration and Nationality Act, 8 U.S.C. 1359, which reads:

Nothing in this title shall be construed to affect the right of American Indians born in Canada to pass the borders of the United States, but such right shall extend only to persons who possess at least 50 per centum of blood of the American Indian race.

The right of American Indians to move freely between what is now the Dominion of Canada and the United States was first recognized by our Government in the Jay Treaty of 1794, 8 Stat. 117, and was reiterated in the Treaty of Ghent of 1814, 8 Stat. 222. As we pointed out in *Matter of A—*, 1 I. & N. Dec. 600 (BIA 1943), prior to 1924 American Indians born in Canada were considered free to cross the border without regard to the immigration laws.

After the passage of the Immigration Act of 1924, 43 Stat. 153, the administrative authorities first attempted to subject such Indians to immigration restrictions by excluding them as persons who were ineligible to citizenship. However, this attempt at excluding American Indians born in Canada was rebuffed by the judiciary. See *U.S. ex rel. Diabo v. McCandless*, 18 F.2d 282 (E.D. Pa. 1927), aff'd, 25 F.2d 71 (3 Cir. 1928). Congress, in the Act of April 2, 1928, 45 Stat. 401, approved the *Diabo* result and legislated:

That the Immigration Act of 1924 shall not be construed to apply to the right of American Indians born in Canada to pass the borders of the United States . . . .

Such being the state of the law, in *Matter of A—*, *supra*, we held that an American Indian born in Canada was not deportable as one who would be excludable at the time of entry under the Act of February 5, 1917, 39 Stat. 874, because he was exempted from the exclusion provisions of the immigration laws. However, we found the respondent in those proceedings deportable as one who became a public charge within five years after entry into the United States from causes not affirmatively shown to have arisen subsequent thereto. We refused to extend the immunity from exclusion to deportation.

We recognized that deporting an American Indian born in Canada would not prevent him under our laws from again entering this country. However, we reasoned that such Indians were wards of the Canadian Government, which could be expected to administer its Indian laws in a way that would prevent their return to the United States after their deportation from this country.

In *Matter of B—*, 3 I. & N. Dec. 191 (BIA 1948), and *Matter of D—*, 3 I. & N. Dec. 300 (CO and BIA 1948), we refined our thinking and we stated that the better interpretation of the unhindered passage right of American Indians contained in the Act of April 2, 1928, was that they would not be deportable on a ground that would have served to exclude them at the time of their last entry. We reasoned that if the ground of

deportation did not arise after the entry the proceedings instituted would be, in effect, a belated exclusion process banned by Congress. Our prior holdings can then be summed up as being that every time an American Indian born in Canada seeks admission he cannot be refused entry and he enters with a clean slate.

Since the respondent's arguments have judicial support, see *Akins v. Saxbe*, 380 F. Supp. 1210 (D. Maine 1974), and they are in conflict with our interpretation of the predecessor of section 289 of the Act, see *Matter of D—, supra; Matter of B—, supra; Matter of A—, supra,* we requested the views of the Immigration and Naturalization Service Central Office. The Service through its General Counsel has stated that it considers *Akins* correct and that it recommends that *Matter of A—, supra,* be overruled.

The court in *Akins v. Saxbe, supra,* considering the principles of statutory construction that (1) the language of statutes and treaties affecting Indians must be construed in a nontechnical sense, as the Indians themselves would have understood it and in a manner reflecting the conditions prompting its adoption, and (2) ambiguities in statutes and treaties conferring benefits on Indians are to be resolved in favor of the Indians, held that the words "to pass" in section 289 of the Act exempt the American Indians born in Canada from the alien registration requirements of section 262 of the Act, 8 U.S.C. 1302. The court reasoned that section 289 exempts such Indians from the restrictions imposed on aliens by the immigration laws.

The Solicitor General declined to authorize a Government appeal in *Akins v. Saxbe, supra.* As suggested by the Service's General Counsel, under the principle of freedom from immigration restrictions, declared in the *Akins* decision, there is even less justification for asserting statutory authority to deport Canadian Indians than for asserting the relatively innocuous requirement that they register as aliens.

We have decided to accept the reasoning in *Akins v. Saxbe, supra,* as being correct and applicable to the deportation provisions of the Act. American Indians born in Canada who are within the protection of section 289 of the Act are not subject to deportation on any ground. *Matter of A—, supra,* is overruled and shall not serve as a precedent in the administration of the present Act.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The deportation proceedings instituted against Jolene Yellowquill on November 4, 1977, are hereby terminated.